UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS,

                Petitioner,

                                                               **DECISION and ORDER**
            -v-                                                                      04-CV-641S

M. P. MCGINNIS, Superintendent of Southport
Correctional Facility; GLENN S. GOORD,
Commissioner of the New York State Department
of Correctional Services; and ELIOT SPITZER,
Attorney General of the State of New York,

                Respondents.

---

## INTRODUCTION

Presently before this Court is an amended petition filed by Adams in accordance with an Order of the United States District Court for the Northern District of New York (Hon. Gary L. Sharpe, U. S. District Judge). (Docket No. 8, item 5).[1] Adams' original petition was filed in the Northern District of New York on March 12, 2004, and sought to challenge a January 18, 2002 Time Allowance Committee Review Board ("TAC") decision which had determined how much good time he would be granted. (Docket No. 8, item 1). The original petition stated that the disciplinary proceedings underlying the January 18, 2002

---

[1] As noted in the text of this Decision and Order, the petition and amended petition in the instant matter were filed with the United States District Court for the Northern District of New York (Docket No. 9:04-CV-0271GLS/DEP). By Order filed July 19, 2004, Judge Sharpe of the Northern District transferred the case to the Western District of New York. The pleadings and other documents filed in the Northern District have been collectively docketed in the Western District as Docket No. 8, with the seven documents originally filed in the Northern District of New York designated as "#1, Exhibit Docket No. 1," #2, Exhibit Docket No. 2," and so on. The documents previously filed in the Northern District and transferred to this District therefore will be referred to herein as "Docket No. 8 (item 1), and so on.

TAC decision had occurred between January 29, 1996 and July 1, 1999.  (Docket No. 8, item 1, at 4-5).

By Order filed on May 18, 2004, Judge Sharpe noted that the decision of the TAC to which petitioner objected had not taken away good time, but rather petitioner's losses of good time had become final at the conclusion of the disciplinary proceedings which underlay the TAC decision.  (Docket No. 8, item 3).  Judge Sharpe therefore concluded that Adams' petition should be regarded as challenging the results of disciplinary proceedings conducted between January 29, 1996 and July 1, 1999, and he proceeded to determine that the petition should be dismissed without prejudice as a result of: (1) petitioner's failure to exhaust the state court remedies available to him regarding the loss of good time resulting from the challenged disciplinary proceedings; and (2) petitioner's failure to timely file his petition in accordance with the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),  28 U.S.C. § 2244(d)(1).  Judge Sharpe afforded Adams thirty days to file an amended petition demonstrating that the action had been timely filed and that petitioner had exhausted his state court remedies prior to filing his petition.  (Docket No. 8, item 3 at 3-7).

Thereafter, petitioner filed an amended petition with the Northern District. (Docket No. 8, item 5).  Noting that the amended petition complained only of a July 1, 1999 disciplinary proceeding conducted at the Collins Correctional Facility in Erie County, Judge Sharpe determined, in an Order filed July 19, 2004,  that the case should be transferred to the United States District Court for the Western District of New York.  (Docket No. 8, item 6).

This Court has reviewed the amended petition and finds that it is untimely and therefore must be dismissed.

## **THE PETITION IS TIME-BARRED**

As explained in Judge Sharpe's order entered May 18, 2004, the July 1, 1999 disciplinary hearing challenged by Adams became "final" for purposes of the AEDPA no later than November 1, 1999,[2] and therefore, the statute of limitations for Adams to file a petition under the AEDPA challenging the loss of good time stemming from that proceeding expired no later than November 1, 2000.  (Docket No. 8, item 3 at 5-6).

Observing that petitioner had not alleged that he had pursued any state court challenges to the loss of good time credits resulting from the July 1, 1999 disciplinary hearing that would serve to toll the one-year statute of limitations, Judge Sharpe concluded that Adams' original petition was time-barred under the ADEPA and would therefore be dismissed.  (Docket No. 8, item 3 at 6).  As previously noted, the Court's dismissal of the petition was without prejudice, and gave the petitioner the opportunity to file an amended petition demonstrating that this action is timely filed.

The amended petition thereafter filed by Adams, and transferred to this Court pursuant to Judge Sharpe's Order of July 19, 2004, is forty-one pages long and includes a lengthy and detailed chronicle of numerous lawsuits which have been filed by petitioner in the federal courts in New York, the relevance of which to this proceeding is not self-evident. In short, petitioner's amended petition is entirely in keeping with what the Second

---

[2]Judge Sharpe based this finding upon the fact that pursuant to N.Y. C.P.L.R. 217, petitioner could have challenged the loss of good time credits resulting from the July 1, 1999 disciplinary proceeding by filing an Article 78 proceeding within four months from the date of that proceeding, *i.e.*, up to November 1, 1999.

Circuit has termed the petitioner's "uncontrollable propensity to pursue vexatious and harassing litigation," *Adams v. Selsky*, 03-0023, Mandate (2d Cir. Apr. 12, 2004) (citations omitted), for which petitioner has repeatedly been sanctioned by this Court. *See, e.g., Adams v. West*, 04-CV-0844S, (W.D.N.Y. 2005) (Docket Nos. 9 and 12).

The Court's review of the amended petition does not disclose any basis on which it could find that the statute of limitations was tolled by any state court challenges by petitioner to the loss of good time credits resulting from the July 1, 1999 disciplinary hearing determination. In consequence, the Court determines that the instant petition, originally filed on March 12, 2004, is time-barred under the AEDPA and must be dismissed.

Petitioner has also filed a motion for reconsideration of Judge Sharpe's Order of May 18, 2004 dismissing the original petition without prejudice and directing Adams to file an amended petition. (Docket No. 9). Inasmuch as petitioner did file an amended petition which this Court is now dismissing, as explained above, the motion for reconsideration is denied as moot.

## CONCLUSION AND ORDER

For the reasons stated above, the petition is dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT HEREBY IS ORDERED:**

1.  that the petition is dismissed with prejudice;

2.  that petitioner's motion for reconsideration is denied;

3.  that a certificate of appealability is denied; and

4.  that leave to appeal as a poor person is denied.

SO ORDERED.

Dated:     September 21, 2005
           Buffalo, New York

                    /s/William M. Skretny
                    WILLIAM M. SKRETNY
                    United States District Judge